UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ADRIAN BUGARIU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:07-CV-157-TS |
| | ) | |
| STATE OF INDIANA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER & OPINION**

This matter comes before the Court on the Defendants', Town of St. John and St. John Police Department, Motion to Dismiss (DE 24), filed with an accompanying memorandum in support (DE 25) and Notice to Pro Se Litigant (DE 26) on July 25, 2007. The Plaintiff has not responded to the motion. For the reasons stated in this opinion, the Defendants' motion to dismiss (DE 24) is GRANTED.

**BACKGROUND**

On May 11, 2007, the Plaintiff filed a *pro se* complaint (DE 1) naming as Defendants: the State of Indiana; Lake County, Indiana; the Town of St. John, Indiana; the St. John, Indiana, Police Department; Jerri Anne Teibel; and David J. Brandewie. The complaint alleges that Commander Michael Fryzel of the St. John Police Department, twice in one evening, tried to run the Plaintiff over with an unmarked squad car and that Chief Fred Frego refused to allow the Plaintiff to file a formal complaint about these incidents with the department. The complaint does not name Fryzel or Frego as defendants.

Defendants Town of St. John and St. John Police Department have responded by arguing that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). The

Defendants make three arguments. First, they argue that the complaint fails to allege that Fryzel was acting under color of state law. Second, they argue that the complaint fails to allege that there is a causal connection between a policy or custom and the Plaintiff's injury. Finally, they argue that the St. John Police Department is not a legal entity capable of being sued.

The Court will address the first two arguments in turn. Because the first two arguments provide a sufficient basis for dismissal, there is no need to address the more difficult issue of whether the St. John Police Department is a legal entity amenable to suit, a matter which would require the interpretation of state law.

## ANALYSIS

A.      Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

The Seventh Circuit very recently set forth a concise overview of Rule 12(b)(6):

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.

*EEOC v. Concentra Health Serv.*, 496 F.3d 773, 776 (7th Cir. 2007). The court also explained that "[t]he rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *Id.* at 780. Rule 12(b)(6) requires that "a defendant know some

2

quantum of information about the plaintiff's claim before discovery starts." *Id.* at 779 n.3. The theory of Rule 12(b)(6) is that "[e]ncouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the plaintiff's claim) and, if appropriate, permitting a quick test of the legal sufficiency of those allegations." *Id.* at 780. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007) (internal citations and ellipses omitted).

While *pro se* plaintiffs must follow the Federal Rules of Civil Procedure, *Cady*, 467 F.3d at 1061, they receive much more leeway in the enforcement of those rules. "A *pro se* complaint is held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" *Henderson v. Sheahan*, 196 F.3d 839, 845–46 (7th Cir. 1999) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this does not mean the Court "will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996).

**B.      § 1983 Cause of Action**

"In order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000) (citing *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994)). "A municipality violates the Constitution when it has an unconstitutional custom or policy." *Id.* at

3

1013. This occurs in one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Id.* "To state a § 1983 claim against a municipality, a complaint must allege that a constitutional deprivation was caused by an official policy or custom." *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 521–22 (7th Cir. 2003). "[A] single incident of unconstitutional activity is not sufficient to impose liability . . . ." *Id.* at 522. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servc.*, 436 U.S. 658, 691 (1978).

There is no heightened pleading standard for municipal liability. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). The complaint need only "contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). To put a municipality on notice, the complaint must allege one of the three means of establishing an unconstitutional custom or policy. *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)). If a complaint only alleges that individual actors caused a deprivation of rights and "fails to allege that any official policy caused" the injury, the claim is subject to dismissal. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (affirming dismissal of *pro se* plaintiff's § 1983 claim because complaint alleged that individual actors deprived him of his rights rather than any official policy). It is also not sufficient to allege merely a policy or custom of a police department. The complaint must claim a policy or custom of the municipality itself. *See*

4

*Latuszkin v. City of Chi.*, 250 F.3d 502, 505 (7th Cir. 2001) ("Mr. Latuszkin's complaint must be dismissed, however, because he claimed no more than a policy or custom of the CPD [Chicago Police Department]. Nowhere did he claim a policy or custom of the City.").

### C.     Sufficiency of Plaintiff's Complaint

The Plaintiff's complaint alleges only that Fryzel tried to run him over with a squad car and that Frego would not let the Plaintiff file a complaint. The complaint does not allege that the officers were acting under color of state law or that there is a policy or custom of the city (or even the police department) supporting Fryzel's and Frego's alleged behavior.[1] Accordingly, the Plaintiff has failed to state a claim against the Town of St. John or the St. John Police Department. The complaint succeeds in putting the city and police department on notice that the Plaintiff may have a claim against Fryzel and Frego for their alleged behavior. The city and the police department are not, however, put on notice as to what claim the Plaintiff is pursuing against them and on what grounds such a claim might rest.

The Court is reluctant to dismiss claims at this early juncture. It is aware that the Seventh Circuit has grown frustrated with the number of improvidently granted 12(b)(6) motions. *See, e.g.*, *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007) ("This court has issued at least 12 opinions or orders during the last year alone reversing decisions that had dismissed complaints for failure to plead facts."). The Seventh Circuit has even suggested a simple formula

---

[1] The complaint also does not allege that any individuals involved in the alleged deprivation of rights under the Constitution or laws of the United States were themselves final policymakers. If the Plaintiff's theory of recovery is based on such an allegation, *Baskin v. City of Des Plaines* requires that the allegation be included in the complaint. 138 F.3d 701, 705 (7th Cir. 1998) (affirming dismissal in a § 1983 case under 12(b)(6) in part because the plaintiff's complaint did "not allege that [the defendant] himself was a policymaker").

5

for making these determinations. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Id.*

The Court has considered the Seventh Circuit's admonition. The complaint will be dismissed because it does not plead that the officers were acting under color of state law and that the police department or city maintained a policy or custom that caused the deprivation of any of the Plaintiff's rights under the Constitution or laws of the United States. The rule of law necessitating such an allegation is Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," as that requirement has been explained in several Supreme Court and Seventh Circuit cases.

The Supreme Court has enunciated the threshold allegations that must be contained in a § 1983 complaint in order to survive a 12(b)(6) motion.

> By the plain terms of § 1983, two–and only two–allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing *Monroe v. Pape*, 365 U.S. 167, 171 (1961)). Of course, since a municipality can only violate a plaintiff's federal rights through an official custom or policy, a suit against a municipality must allege that an official custom or policy caused the violation of federal rights. Any complaint that fails to allege at least these elements must be dismissed. The Supreme Court has repeatedly (as recently as the previous term) emphasized that *pro se* filings are to be liberally construed. *See, e.g.*, *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam). But the Court has never suggested that a district court is to

6

ignore the absence of these essential elements in a § 1983 complaint. To say that courts should ignore the absence of these allegations would be to say that 12(b)(6) does not apply to *pro se* plaintiffs' § 1983 complaints.

The Seventh Circuit has similarly stated that even in *pro se* cases, "[i]n order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (*pro se* case). In *Small v. Chao*, a *pro se* plaintiff failed "to allege that any official policy caused his injuries . . . ." 398 F.3d 894, 898 (7th Cir. 2005). Instead, he only alleged that "various individual actors deprived him of his rights." *Id.* The Seventh Circuit held that this failed to state a § 1983 claim against a municipal or local entity and the complaint was therefore subject to dismissal. *Id.*

Like the complaint in *Small*, the Plaintiff's complaint in this case must be dismissed for failing to state a claim upon which relief can be granted. Just as in *Small*, the Plaintiff here has only alleged that "various individual actors deprived him of his rights." *Small*, 398 F.3d at 898. He has not alleged that the officers were acting under color of state law or that an official policy or custom led to the deprivation of the Plaintiff's rights under the Constitution or laws of the United States. While the Plaintiff's complaint does describe his grievances – those being that he was almost run over by a squad car and then prevented from filing a complaint – it does not indicate what the town or police department did that might entitle the Plaintiff to relief under § 1983.

**ORDER**

For the reasons stated in this opinion, the Defendants', Town of St. John and St. John

Police Department, Motion to Dismiss (DE 24) is GRANTED.

SO ORDERED on November 9, 2007.

                                     s/ Theresa L. Springmann
                                     THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT
                                     FORT WAYNE DIVISION