UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ADRIAN BUGARIU ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:07-CV-157-TS |
| ) | |
| STATE OF INDIANA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER & OPINION**

This matter comes before the Court on Defendant Brandewie's Motion to Dismiss (DE 10), which was filed with an accompanying brief (DE 11) and affidavit (DE 12) on June 18, 2007. The Plaintiff has not responded to the motion. For the reasons stated below, the Defendant's motion to dismiss is GRANTED.

**BACKGROUND**

On May 11, 2007, the Plaintiff filed a pro se complaint (DE 1) naming as Defendants: the State of Indiana; Lake County, Indiana; the Town of St. John, Indiana; the St. John, Indiana, Police Department; Jerri Anne Teibel; and David J. Brandewie. The complaint alleges that Commander Michael Fryzel of the St. John Police Department tried to run the Plaintiff over with an unmarked squad car and that Chief Fred Frego refused to allow the Plaintiff to file a formal complaint with the department. There are no allegations in the complaint related to Defendant Brandewie. The only reference to him is in the relief section where the Plaintiff writes the following: "$350,000 damages from Attny [sic] David J. Brandewie." The complaint does not name Fryzel or Frego as defendants.

Defendant Brandewie's motion to dismiss asserts that dismissal is proper pursuant to

"Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6), for the reason that the Complaint has no allegations against the Defendant, David J. Brandewie, and the Defendant, David J. Brandewie has never been properly served with service of process because no Complaint with allegations as to David J. Brandewie was served on Defendant, David J. Brandewie." Defendant Brandewie did not file a Notice to Pro Se Litigant.[1]

## ANALYSIS

The Seventh Circuit very recently set forth a concise overview of Rule 12(b)(6):

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.

*EEOC v. Concentra Health Serv.*, 496 F.3d 773, 776 (7th Cir. 2007). The court also explained that "[t]he rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *Id.* at 780. Rule 12(b)(6) requires that "a defendant know some quantum of information about the plaintiff's claim before discovery starts." *Id.* at 779 n.3. The theory of Rule 12(b)(6) is that "[e]ncouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the

---

[1] The Court will rule on Defendant Brandewie's motion to dismiss notwithstanding the fact that he did not file a Notice to Pro Se Litigant. Because the Court will not consider Defendant Brandewie's affidavit in ruling on the motion, the notice is not technically required. *See Curtis v. Bembenek*, 48 F.3d 281 (7th Cir. 1995). Moreover, the purpose of the rule has been served by the two other notices that the Plaintiff has received in this same suit from other Defendants.

2

defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the plaintiff's claim) and, if appropriate, permitting a quick test of the legal sufficiency of those allegations." *Id.* at 780. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007) (internal citations and ellipses omitted).

While *pro se* plaintiffs must follow the Federal Rules of Civil Procedure, *Cady*, 467 F.3d at 1061, they receive much more leeway in the enforcement of those rules. "A *pro se* complaint is held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" *Henderson v. Sheahan*, 196 F.3d 839, 845–46 (7th Cir. 1999) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this does not mean the Court "will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996).

The complaint in this case is almost entirely focused on the actions of Commander Fryzel of the St. John Police Department. The main allegation is that Fryzel attempted to run the Plaintiff over with an unmarked squad car. The Plaintiff also alleges that the police department interfered with the Plaintiff's attempt to file a formal complaint with the department.

It is impossible to discern from the complaint what, if anything, Defendant Brandewie has to do with those events. The only mention of Defendant Brandewie is in the relief section where the Plaintiff writes, "350,000 Damages from Attny David J. Brandewie." While this indicates that the Plaintiff believes he is entitled to relief, it says nothing about his claim or the grounds upon which the claim rests. A complaint that does nothing more than name an individual as a Defendant can not survive a 12(b)(6) motion.

3

**ORDER**

For the reasons stated in this opinion, Defendant Brandewie's motion to dismiss (DE 10) is GRANTED.

SO ORDERED on November 9, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION