UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ADRIAN BUGARIU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:07-CV-157-TS |
| | ) | |
| STATE OF INDIANA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER & OPINION**

This matter comes before the Court on the Motion for Summary Ruling on Defendant's, Jerri Anne Teibel, Motion to Dismiss (DE 30), filed on September 6, 2007. For the reasons stated below, Defendant Teibel's Motion to Dismiss (DE 27) is GRANTED, and the Defendant's Motion for Summary Ruling (DE 30) is therefore MOOT.

**BACKGROUND**

On May 11, 2007, the Plaintiff filed a *pro se* complaint (DE 1) naming as Defendants: the State of Indiana; Lake County, Indiana; the Town of St. John, Indiana; the St. John, Indiana, Police Department; Jerri Anne Teibel; and David J. Brandewie. The complaint alleges that Commander Michael Fryzel of the St. John Police Department tried to run the Plaintiff over with an unmarked squad car and that Chief Fred Frego refused to allow the Plaintiff to file a formal complaint with the department. The only references in the complaint related to Defendant Teibel are an allegation of a sexual relationship between Teibel and Fryzel and the words in the conclusion to the complaint: "Fryzel by Jerri Teibel Nov. 13, 2007, Notice from the Prosecutor false accusations by Jerri Teibel, to me on Nov. 16, 07." The complaint does not name Fryzel or Frego as defendants.

Defendant Teibel responded to the complaint with a motion to dismiss (DE 27), an accompanying memorandum in support (DE 28), and a Notice to Pro Se Litigant explaining the consequences of failing to respond (DE 29), all filed on July 26, 2007. She asserted in the motion to dismiss that the complaint failed to comply with Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), and that the Plaintiff never properly served Defendant Teibel with service of process because no complaint with allegations as to Defendant Teibel were ever served on her. The memorandum in support (DE 28) argues, "[t]he Plaintiff's Complaint, as drafted, alleges acts on the part of various Defendants, but fails to allege any action take against the Plaintiff by the Defendant, Jerri Anne Teibel." The Plaintiff has not responded to the motion.

## ANALYSIS

The Seventh Circuit very recently set forth a concise overview of Rule 12(b)(6):

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.

*EEOC v. Concentra Health Serv.*, 496 F.3d 773, 776 (7th Cir. 2007). The court also explained that "[t]he rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *Id.* at 780. Rule 12(b)(6) requires that "a defendant know some quantum of information about the plaintiff's claim before discovery starts." *Id.* at 779 n.3. The theory of Rule 12(b)(6) is that "[e]ncouraging a plaintiff to plead what few facts can be easily

2

provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the plaintiff's claim) and, if appropriate, permitting a quick test of the legal sufficiency of those allegations." *Id.* at 780. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007) (internal citations and ellipses omitted).

While *pro se* plaintiffs must follow the Federal Rules of Civil Procedure, *Cady*, 467 F.3d at 1061, they receive much more leeway in the enforcement of those rules. "A *pro se* complaint is held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" *Henderson v. Sheahan*, 196 F.3d 839, 845–46 (7th Cir. 1999) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this does not mean the Court "will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580 (7th Cir. 1996).

The complaint in this case is almost entirely focused on the actions of Commander Fryzel. The main allegation is that Fryzel attempted to run the Plaintiff over with an unmarked squad car. The Plaintiff also alleges that another officer interfered with the Plaintiff's attempt to file a formal complaint with the department. It is impossible to discern from the complaint what, if anything, Defendant Teibel has to do with those events.

The Defendant may have some other complaint about Defendant Teibel, but there is no way for the Court or the Defendant to know what that complaint is. The Plaintiff's words—"Fryzel by Jerri Teibel Nov. 13, 2007, Notice from the Prosecutor false accusations by Jerri Teibel, to me on Nov. 16, 07"— are the epitome of vagueness and obfuscation, which the

Seventh Circuit has explained are exactly what 12(b)(6) is designed to avoid. While the Court can speculate that the Plaintiff is complaining of false accusations by Jerri Teibel made to the Plaintiff, the Court is aware of no legal theory that would support the Plaintiff's right to recover for such a claim. The Plaintiff is certainly not required to plead legal theories, and he is not required to respond to Defendant Teibel's motion to dismiss. For the complaint to survive, however, there must be some indication at this juncture as to what the Plaintiff's claim is and what grounds support it. The Plaintiff has clearly failed to raise the possibility that he has a right to relief for the actions of Defendant Teibel beyond a "speculative level." The complaint must therefore be dismissed.

The Court is reluctant to dismiss claims at this early juncture. It is aware that the Seventh Circuit has grown frustrated with the number of improvidently granted 12(b)(6) motions. *See, e.g.*, *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007) ("This court has issued at least 12 opinions or orders during the last year alone reversing decisions that had dismissed complaints for failure to plead facts."). The Seventh Circuit has even suggested a simple formula for making these determinations. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Id.*

The Court has pondered this question, and it concludes that the Supreme Court's holding in *Bell Atlantic* that the complaint must raise the possibility of a right to relief beyond the "speculative level" means that the unintelligible references to Defendant Teibel are not sufficient for a valid complaint even under the liberal notice pleading standards. The *Bell Atlantic* Court made clear that while a complaint does not need to set out in detail the facts upon which the

4

claim rests, "some factual allegation in the complaint" is required. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 n.3. If the reference to Defendant Teibel in this complaint is enough to satisfy 12(b)(6), it is difficult to imagine a claim that would ever fail under 12(b)(6).

## ORDER

For the reasons stated in this opinion, the Court GRANTS the Defendant's Motion to Dismiss (DE 27), and the Motion for Summary Ruling (DE 30) is therefore MOOT.

SO ORDERED on November 9, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION